O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SALOME MANZANAREZ,<br><br>            Petitioner,<br><br>  vs.<br><br>CONNIE GIBSON, Warden,<br><br>            Respondent. | CASE NO. SA CV 14-0279 GW (RZ)<br><br>ORDER TO SHOW CAUSE RE UNTIMELINESS |

      The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that the action may be time-barred.

      In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

Petitioner did not date the current petition itself but supplies a February 23, 2014 date on his proof of service. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) On July 21, 2009, in Orange County Superior Court, Petitioner entered a plea of no contest to numerous sexual crimes, including the rape of a child under 14 and the rape of a child under 10. He was sentenced to 38 years in prison. *See* Pet. ¶ 2.

(b) Petitioner did not appeal. Pet. ¶ 3. His conviction became final after September 21, 2009, after his 60-day deadline for seeking a certificate of probable cause, and noticing an appeal, expired. *See* CAL. R. CT., Rules 8.304(b) (need for certificate) & 8.308 (60 day deadline). His one-year limitations period began to run on that date.

(c) Over four years passed. On October 17, 2013, Petitioner filed a habeas petition in the California Supreme Court. *See* Pet. ¶¶ 4, 6; *see generally* docket in *In re Manzanarez*, Cal. Supreme Ct. case no. S2104062. That court denied relief on January 15, 2014, with citations indicating its view that Petitioner had delayed too long in seeking relief (*In re Robbins*, 18 Cal.4th 770, 780 (1998)) and failed to provide sufficiently specific factual allegations to permit the court to evaluate his petition (*People v. Duvall*, 9 Cal.4th 464, 474 (1995); *In re Swain*, 34 Cal.2d 300, 304 (1949)).

(d) Five weeks later, Petitioner filed the present Petition.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale after September 22, 2010, one year after his conviction became final.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260

```
 1  F.3d 1039 (9th Cir. 2001).  Accordingly, Petitioner shall show cause in writing why this
 2  action should not be dismissed as being barred by the one-year statute of limitations.
 3  Petitioner shall file his response to the Court's Order to Show Cause not later than 30 days
 4  from the filing date of this Order.
 5          If Petitioner does not file a response within the time allowed, the action may
 6  be dismissed for failure to timely file, and for failure to prosecute.
 7          IT IS SO ORDERED.
 8
 9          DATED:      March 3, 2014
```

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE